# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| KATHERINE MAE GREGORY, | Case No. EDCV 17-01813-AS |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

On September 7, 2017, Plaintiff filed a Complaint seeking review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate

Judge. (Docket Entry Nos. 14-15). On January 30, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 18-19). The parties filed a Joint Submission ("Joint Stip.") on April 18, 2018, setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On March 1, 2013, Plaintiff, formerly employed as a cashier/barista at a café, a customer service representative at a video game store, a photographer of babies, a classroom assistant at an elementary school, a salesperson at a horse supply store, and as as a secretary for a college (see AR 39-40, 253, 267), filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging an inability to work because of a disabling condition since January 1, 2011. (See AR 229-42). The Commissioner denied Plaintiff's applications initially on June 28, 2012 (see AR 10, 164-73) and on reconsideration on July 7, 2014 (see AR 176-86).

On April 7, 2016, the Administrative Law Judge ("ALJ"), Roger Winkelman, heard testimony from Plaintiff, who was represented by counsel, and vocational expert ("VE") Ronald Hatakeyama. (See AR 30-89). On June 6, 2016, the ALJ issued a decision denying Plaintiff's applications. (See AR 10-22). After determining that Plaintiff had

severe impairments -- depression and anxiety (AR 12-16)[1] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 16-17), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform the full range of work at all exertional leves with the following limitations: "no greater than simple tasks with no more than minimal contact with the public." (AR 17-20). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 20), but could perform jobs existing in significant numbers in the national economy, and was therefore not disabled within the meaning of the Social Security Act. (AR 20-22).

The Appeals Council denied Plaintiff's request for review of the ALJ's Decision on July 18, 2017. (See AR 1-5). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine

---

[1] The ALJ found that Plaintiff's other impairments -- athropathies, primarily in her feet -- were nonsevere. (AR 16).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ failed to "properly find alternative work that Plaintiff could perform either within the RFC found by the ALJ or the RFC which is established as a matter of law." Although Plaintiff attempts to characterize her claim as one claim, Plaintiff's claim actually has three portions: (1) The ALJ failed to properly assess the opinion of consultative psychiatric examiner, Dr. Abbasi, with respect to certain limitations and/or pose a hypothetical question to the VE containing those limitations; (2) The ALJ failed to properly reject the opinions of Plaintiff's treating physicians, Drs. Ferguson and Landsberg; and (3) The ALJ erred in finding Plaintiff's testimony not credible. (<u>See</u> Joint Stip. at 3-16, 22-25).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the first portion of Plaintiff's claim of error warrants a remand for further consideration. Since the Court is remanding the matter based

on the first portion of Plaintiff's claim of error, the Court will not address the second and third portions of Plaintiff's claim of error.

**A. The ALJ Erred in Failing to Address the Opinion of Consultative Examining Pyschiatrist, Michelle Abbasi, M.D., with Respect to Certain Limitations**

Plaintiff asserts that the ALJ failed to address and consider the opinion of consultative examining psychiatrist, Michelle Abbasi, M.D., specifically with respect to Dr. Abbasi's opinion that Plaintiff cannot maintain regular attendance in the workplace and that Plaintiff is limited in her ability to complete a normal workday without interruptions, and further asserts that the ALJ erred in failing to pose these limitations in a hypothetical question to the VE. (See Joint Stip. at 4-8, 22-23). Defendant contends that the ALJ properly considered Dr. Abbasi's opinion. (See Joint Stip. at 16-18).

An ALJ must take into account all medical opinions of record. 20 C.F.R. § 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830-31. If the

treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, supra.

Michelle Abbasi, M.D. (Board Certified in Psychiatry), a psychiatrist at MDSI Physician Services, prepared a report following a psychiatric examination of Plaintiff on August 11, 2013. (See AR 460-64). Based on Plaintiff's complaints and statements concerning her present illness, medications, past psychiatric history, past medical history, family history, employment history, alcohol and dug abuse, activities of daily living (see AR 460-61), and the results of a mental status examination (see AR 462-63), Dr. Abbasi diagnosed Plaintiff, inter alia, with major depressive order, insomnia, and sleep apnea, and assessed a Glorbal Assessment Functioning score of 50. (AR 463). Dr. Abbasi gave the following prognosis: "The claimant's problem is treatable. There is a good likelihood of recovery of her depression. Her depression could improve within the next 12 months with proper treatment." (Id.). Dr. Abbasi opined as follows:

> The claimant is capable of managing her funds. [¶] The claimant is capable of performing simple and repetitive tasks. She has mild impairment in detailed and complex tasks as evidenced by concentration and memory difficulties. [¶] The claimant can accept instructions from supervisors and interact with coworkers and the public. [¶] She has mild impairments in performing work activities on a consistent basis without special or additional instruction as

demonstrated by her frequent re-asking of the questions posed or to check to see that she understood the directions in portions of the exam today. [¶] <u>The claimant cannot maintain regular attendance in the workplace due to her insomnia and depression, which impairs her concentration. The depression and insomnia do cause marked limitations in her ability to complete a normal workday without interruptions from their symptoms.</u> [¶] The claimant can deal with the usual stress encountered in the workplace.

(AR 463-64, underlining added for emphasis).

The ALJ summarized Dr. Abbasi's report in the section of the Decision discussing Plaintiff's severe impairments. (<u>See</u> AR 13). The ALJ gave "substantial weight" to Dr. Abbasi's report, "based on supportability with medical signs, and laboratory findings; consistency with the record; and areas of specialization." (AR 17). The ALJ specifically addressed Dr. Abbasi's opinion as follows: "The consultative psychiatric examiner clearly opined that her condition was "treatable," noting she had not [ ] seen a psychiatrist [for] 10 [ ] years, because she did not have medical insurance and was no longer under regular mental helath treatment. This opinion is consistent with treating sources who indicated the claimant could improve with better and/or more regular mental health treatment." (<u>Id.</u>). After discussing all of the medical opinions in the record (<u>see</u> AR 17-18), the ALJ specifically found that the opinion of Dr. Abbasi was "fully credible and given greater weight." (AR 18).

However, the ALJ did not address Dr. Abbasi's opinion about Plaintiff's inabilities to maintain regular attendance in the workplace and to complete a normal workday without interruptions. The ALJ therefore failed to provide any reason, let alone a specific and legitimate reason, for rejecting this aspect of Dr. Abassi's opinion or incorporating this limitation in the RFC and in a hypothetical to the VE. See Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)("We hold that the ALJ erred because he neither explicitly rejected the opinion of [the examining physician], nor set forth specific, legitimate reasons for crediting [the nonexamining physician] over [the examining physician]."); Richardson v. Colvin, 2016 WL 4487823, *5 (C.D. Cal. Aug. 23, 2016)(ALJ erred in accepting an examining physician's opinion that the claimant had a moderate limitation in the ability to respond appropriately to usual work situations and changes in a routine work setting but not incorporating that limitation into the RFC); Gentry v. Colvin, 2013 WL 6185170, *14-*16 (E.D. Cal. Nov. 26, 2013)(ALJ erred in crediting an examining physician's opinion that the claimant had a moderate limitation in the ability to interact appropriately with co-workers and supervisors but failing to include such limitation in the RFC or in a hypothetical question to the vocational expert).

**B.    Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to

exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly reject the opinion of the consultative psychiatric examiner, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[3]

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on the portions of Plaintiff's claim regarding the ALJ's failure to properly reject the opinions of Plaintiff's treating physicians, Drs. Ferguson and Landsberg (see Joint Stip. at 8-15, 24-25) and the ALJ's error in finding Plaintiff's testimony not credible (see Joint Stip. at 15-16). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 15, 2018

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE